Marvin v. Collins.

# George H. Marvin
## v.
## Elizabeth Collins.

Jurisdiction—Freehold.—Where the court cannot determine the whole merits of an appeal without adjudicating upon the question of freehold, it will not take jurisdiction of the appeal.

Appeal from the Circuit Court of Kane county; the Hon. C. W. Upton, Judge, presiding.   Opinion filed December 4, 1880.

Messrs. Botsford, Barry & Russell, for the appellant.

Mr. A. J. HOPKINS and Mr. A. G. MCDOLE, for appellee.

PILLSBURY, J.   Bill in equity filed by appellee against the appellant, to enforce a lien upon real estate accruing to her by virtue of a former decree of the circuit court, and also to establish title in herself to certain land, in the bill described, and to set aside and cancel the title of the defendant to said lands.

The court below in its decree finds that the appellee is in equity the owner of a portion of the land, and awards it to her, and sets aside and annuls two deeds under which the appellant claims title—one a tax deed and the other an administrator's deed—made by the administrator of the former owner. A motion is made to dismiss the appeal because it involves a freehold. The motion must be allowed. A freehold being involved, this court has no jurisdiction of the appeal. Ses. Laws of 1879, page 222; Lequatte v. Drury, 6 Brad. 389.

It is suggested in opposition to said motion to dismiss, that as the principal relief granted was a decree for the accrued alimony and the enforcement of the lien therefor, this court has jurisdiction.  This suggestion cannot avail.  From an examination of the record, it is clear that this court cannot determine the whole merits of this appeal without adjudicating upon this question of freehold. It is directly involved and must be determined.   In such case it is not enough that other questions may arise over which this court might exercise appellate jurisdiction if they were standing alone in the record. C. & W. I. R. R. Co. v. Dunbar, 95 Ill. 577.

The appeal will be dismissed.

Dismissed.